The facts are set out in the plaintiff's appeal in this case. What we have said in disposing of that appeal indicates our opinion on the defendant's appeal. The defendant appealed because his Honor, upon the agreed facts, required it to pay one-third of the amount of plaintiff's bill for water furnished the two public schools conducted in the corporate limits of the town of Henderson, based upon the proportion of the number of school children living beyond the town limits, to the total number of children within the school territory under control of defendant. We do not think this fact sufficient to relieve the plaintiff; for if the contract be so construed and the words of the stipulation so interpreted, the effect would be to make these schools in the corporate limits, in this relation to the plaintiff, public schools as to all children in the town limits and private schools as to those attending it who live without the corporate limits. The "public schools are the units, and the obligation is to furnish these free water for the necessary purposes," as stated in plaintiff's appeal. This same section of the contract obliges plaintiff to furnish water free of charge for man and beast at the public fountains, but forbids the taking of water from these fountains for private use. Can it be said that plaintiff must furnish water free for man and beast who inhabit the town and can charge for the men and beasts who drink at these fountains, but who live outside of the town, and the amount of charge can be ascertained by numbering those who live beyond the limits and those who live within the limits? The mere suggestion of such a construction contains its answer. The considerations that determine one should determine the other. In the one case the stipulation is to furnish water free to thepublic fountains; in the other, to furnish water free to the public
schools. In rendering judgment against the defendant there was
Error.
Cited: Hotel Co. v. Red Springs, 157 N.C. 139; Robinson v. Goldsboro,161 N.C. 673; Bain v. Goldsboro, 164 N.C. 104. *Page 177 
(181)